IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BRIDGETTE NEWELL,<br><br>    Debtor.<br>_____/<br><br>DAN NEWELL and BRIDGETTE NEWELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 10-05138 WHA<br><br><br><br><br>Adversary Case No. 10-04110<br>Bankruptcy Case No. 10-44111<br><br><br>**ORDER GRANTING**<br>**UNOPPOSED MOTION**<br>**TO WITHDRAW**<br>**BANKRUPTCY REFERENCE**<br>**AND VACATING HEARING** |

**INTRODUCTION**

In this bankruptcy adversary proceeding, defendant Wells Fargo Bank, N.A. requests that reference of the action to bankruptcy court be withdrawn. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

On April 30, 2010, Plaintiffs Dan Newell and Bridgette Newell filed a complaint to quiet title in a bankruptcy adversary proceeding before the United States Bankruptcy Court for the Northern District of California. The adversary proceeding (No. 10-04110) is related to a bankruptcy proceeding in which Bridgette Newell is the debtor (No. 10-44111). The adversary complaint alleges that Wells Fargo and Wachovia Mortgage "with the intent of evading their

1 responsibilities under HAMP and CC §2923.53, devised their program to fail" (Compl. ¶ 8). In particular, Wells Fargo allegedly administered its loan modification program in ways that failed to fulfill the spirit of its duties under the federal Home Affordable Modification Program.

On October 12, 2010, Wells Fargo filed a motion to withdraw reference of the adversary complaint to bankruptcy court; this filing was made in the bankruptcy court. Wells Fargo also filed and re-filed its motion in this Court on November 12 and November 16, respectively. Plaintiffs' counsel was served with notice of all three filings. Plaintiffs' opposition or statement of nonopposition to the motion was due on December 9, but no such filing has been made.

After filing the instant motion, Wells Fargo also filed a motion to dismiss the adversary complaint and a motion to stay the adversary action until the instant motion is resolved. Both of these motions were filed in the bankruptcy court, and both are still pending.

**ANALYSIS**

A United States District Court may refer bankruptcy cases to federal bankruptcy judges. 28 U.S.C. 157(a). In some circumstances, however, the District Court is permitted or required to withdraw the reference. 28 U.S.C. 157(d). The statute provides for mandatory withdrawal as follows: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Ibid.* The Ninth Circuit has interpreted this statute to mandate withdrawal "in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F. 3d 999, 1008 (9th Cir. 1997).

The adversary complaint centers on allegations that Wells Fargo violated the Home Affordable Modification Program — a non-bankruptcy set of federal laws. Plaintiffs have not advanced any arguments to the contrary. Accordingly, reference of the adversary complaint to bankruptcy court must be withdrawn.

**CONCLUSION**

Defendant Wells Fargo's unopposed motion to withdraw reference of this adversary action to Bankruptcy Court is **GRANTED**. All further proceedings in this adversary action shall be

2

before this Court. The hearing on this motion set for December 30, 2010 is **VACATED**. Defendant's request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: December 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE